UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| BRIAN WOOTEN AND TAMRA WOOTEN, | ) ) ) | Case No. 1:25-cv-322 |
| *Plaintiffs*, | ) ) | Judge Travis R. McDonough |
| v. | ) ) | Magistrate Judge Michael J. Dumitru |
| ALIMENTATION COUCHE-TARD, INC. AND CIRCLE K STORES, INC., | ) ) ) ) | |
| *Defendants*. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Defendant Circle K Stores, Inc.'s ("Circle K") motion for judgment on the pleadings (Doc. 16). For the following reasons, the Court will **GRANT** the motion (*id.*).

**I.      BACKGROUND**

Plaintiffs filed the present action on September 3, 2025, in the Circuit Court for Bradley County, Tennessee. (*See* Doc. 1, at 1; Doc. 1-1, at 1.) Defendants removed the action to this Court pursuant to 28 U.S.C. § 1446(d) on October 7, 2025. (*See* Doc. 1.)

In their complaint, Plaintiffs allege that "[t]his cause of action arises out of the serious bodily injuries and damages suffered by Brian Wooten, as a result of a battery by a customer that occurred on the business premises of the subject Circle K on or about September 4, 2024." (Doc. 1-1, at 2.) Specifically, Plaintiffs allege that Mr. Wooten "went to the Circle K gas station and convenience store located at 2890 Waterlevel Highway, Cleveland, Tennessee 37323" around 7:40 AM. (Id. at 3.) They allege that:

> While waiting in line at the cash register, another customer, Michael Raines, attempted to purchase alcohol. Mr. Raines was visibly intoxicated and was

1

> cursing and yelling at the cashier and was calling her vulgar names. Brian
> Wooten stepped between Mr. Raines and the cash register and Mr. Raines made a
> closed fist and punched the right side of Mr. Wooten's jaw. Mr. Wooten
> immediately felt pain and two teeth became loose and sustained a broken jaw.
> Mr. Wooten also received an open wound on his forearm and bite marks near the
> right side of his chest, both caused by Mr. Raines' drunken behavior.

(*Id.* at 3–4.) Based on these allegations,[1] Plaintiffs assert negligence and loss-of-consortium claims against Circle K. (*Id.* at 4–6.)

On January 28, 2026, Circle K filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (*See* Doc. 16.) This motion is ripe for review.

## II. STANDARD OF LAW

"Under Rule 12(c), after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." *United Food & Com. Workers, Loc. 1995 v. Kroger Co.*, 51 F.4th 197, 202 (6th Cir. 2022) (quoting Fed. R. Civ. P. 12(c)) (citation modified). When a defendant moves for judgment on the pleadings, a court applies the same standard governing motions to dismiss pursuant to Rule 12(b)(6). *Id.* (quoting *Moderwell v. Cuyahoga Cnty.*, 997 F.3d 653, 659 (6th Cir. 2021)). Thus, "[t]o survive a motion for judgment on the pleadings, a complaint must contain sufficient facts to state a claim to relief that is plausible on its face." *Fed. Eng'rs & Constructors, Inc. v. Relyant Glob., LLC*, No. 3:19-CV-73-KAC-JEM, 2022 WL 1721454, at *1 (E.D. Tenn. May 27, 2022) (citation modified). A plaintiff must allege facts which allow for an inference of "more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the truth of all well-pleaded factual allegations in the

---

[1] Plaintiffs offer no other substantive factual allegations. (*See* Doc. 1-1.)

complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). This assumption of truth, however, does not extend to legal conclusions, *Iqbal*, 556 U.S. at 679, nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986). During this inquiry, the Court may only consider "exhibits that are referenced in the complaint and central to its claims." *United Food*, 51 F.4th at 202 (citations omitted). However, if video footage of the events at issue in the complaint "blatantly contradict" or "utterly discredit" the plaintiff's allegations, a court may also consider such evidence. *Saalim v. Walmart, Inc.*, 97 F.4th 995, 1002 (6th Cir. 2024) (citation modified).

### III. ANALYSIS

In its motion for judgment on the pleadings, Circle K argues that Plaintiffs fail to state a claim upon which relief can be granted because Plaintiffs have not adequately alleged that Circle K owed Mr. Wooten a duty of care. (Doc. 17, at 6–7.) Circle K also argues that the surveillance video that it submitted to the Court on October 10, 2025, demonstrates that it did not owe Mr. Wooten a duty of care and that it did not breach any duty of care owed to Mr. Wooten.[2] (*Id.* at 7–8.) Plaintiffs argue that their allegations that Circle K failed to (1) "properly hire, train, supervise and/or retain agents/employees," (2) "take reasonable measures or implement proper procedures to protect customers, such as Brian Wooten from criminal attacks by third persons," and (3) "enforce, or otherwise ensure, that its employees and/or agents followed the proper procedures in dealing with customers, such as Michael Raines, so as to not subject their customers, like Brian Wooten, to injuries and damages" are factual allegations that the Court must take as true when evaluating Circle K's motion. (Doc. 19, at 5–6.)

---

[2] The Court will not consider the video Circle K relies on in its motion. The video footage Circle K provides does not "blatantly contradict" or "utterly discredit" Plaintiffs' allegations. *See* (Doc. 9); *Saalim*, 97 F.4th 995, 1002.

3

To state a claim for negligence under Tennessee law, a plaintiff must allege facts sufficient to plausibly establish: "(1) a duty of care owed by defendant to plaintiff; (2) conduct below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause." *Perry v. Jenkins & Stiles, LLC*, No. 3:21-CV-414-KAC-JEM, 2023 WL 3922636, at *3 (E.D. Tenn. Feb. 7, 2023) (quoting *Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 364 (Tenn. 2009)). "Persons do not ordinarily have a duty to act to protect others from dangers or risks except for those that they themselves have created," but "legal duties can also arise when there is a special relationship between the parties." *Cullum v. McCool*, 432 S.W.3d 829, 833 (Tenn. 2013) (citation modified). "These duties arise when the defendant has a special relationship with either the individual who is the source of the danger or the person who is at risk." *Id.* (quoting *Giggers*, 277 S.W.3d at 364). "A long-recognized special relationship, which is the focus of this case, is that between a business owner and patron." *Id.* (citations omitted).

"[B]usiness owners can be liable for the accidental, negligent or intentionally harmful or criminal acts of third parties, so long as those acts are reasonably foreseeable." *Id.* at 835. "[A] duty to take reasonable steps to protect customers arises if the business knows, or has reason to know, either from what has been or should have been observed or from past experience, that criminal acts against its customers on its premises are reasonably foreseeable, either generally or at some particular time." *McClung v. Delta Square Ltd. P'ship*, 937 S.W.2d 891, 902 (Tenn. 1996). "In determining the duty that exists, the foreseeability of harm and the gravity of harm must be balanced against the commensurate burden imposed on the business to protect against that harm." *Id.* Generally, "the requisite degree of foreseeability essential to establish a duty to

protect against criminal acts will almost always require that prior instances of crime have occurred on or in the immediate vicinity of defendant's premises." *Id.*

Here, Plaintiffs have not sufficiently alleged that Circle K owed Mr. Wooten a duty of care. All of Plaintiffs' relevant factual allegations are found in one paragraph of their complaint and this paragraph quoted by the Court above.[3] (*See* Doc. 1-1, at 3–4; *supra* Part I.) Plaintiffs offer no allegations that suggest Circle K knew, or had reason to know, "either from what has been or should have been observed or from past experience," Mr. Raines's alleged assault of Mr. Wooten was reasonably foreseeable. *See McClung*, 937 S.W.2d at 902. In *Cullum*, the Tennessee Supreme Court held that a patron's harm was reasonably foreseeable to a business owner when the patron alleged that the business's employees were familiar with an individual's "habitual intoxication" and "were aware that [the individual] was alone and would be operating a vehicle in an intoxicated state" before that individual harmed the patron. *See* 432 S.W.3d at 835. In *McClung*, the Tennessee Supreme Court held that a patron's harm was reasonably foreseeable after considering "the number, frequency, and nature of the crimes reported to police" in the vicinity of the business's premises, along with "management's acknowledgement of security problems." *See* 937 S.W.2d at 904. Plaintiffs have alleged nothing that resembles the allegations identified in *Cullum*, nor have they alleged facts that plausibly suggest they can adduce evidence which resembles that in *McClung*. (*See* Doc. 1.) As such, they have not adequately alleged that Circle K owed Mr. Wooten a duty of care. *See Cullum*, 432 S.W.3d at 835.

IV. **CONCLUSION**

---

[3] The allegations that Plaintiffs rely on in response to Circle K's motion are simply conclusory allegations concerning breach. (*See* Doc. 19, at 5–6.) These have no bearing on whether Circle K owed Mr. Wooten a duty of care.

For the foregoing reasons, Circle K's motion for judgment on the pleadings (Doc. 16) is **GRANTED**. Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**.[4]

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[4] Considering that the Court must apply the same standard governing motions to dismiss pursuant to Rule 12(b)(6) to the present motion, *United Food*, 51 F.4th at 202, and that courts ordinarily dismiss claims without prejudice "to give parties an opportunity to fix their pleading defects" following a successful Rule 12(b)(6) motion, *Crosby v. Twitter, Inc.*, 921 F.3d 617, 627 (6th Cir. 2019) (quoting *Union, United Auto., Aerospace & Agr. Implement Workers of Am. (UAW)*, 645 F.3d 785, 795 (6th Cir. 2011)), the Court dismisses Plaintiffs' claims without prejudice.